Shawn A. McMillan, Esq. (SBN: 208529)
attyshawn@netscape.net
The Law Offices of Shawn A. McMillan, APC
4955 Via Lapiz
San Diego, California 92122
Phone: (858) 646-0069
Fax: (858) 746-5283

Samuel H. Park, Esq. (SBN: 261136)
sam@sampark.lawyer
3960 W. Point Loma Blvd., #H310
San Diego, CA 92110
Phone: (619) 674-7392

Attorneys for Plaintiff, Karibbea Young

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KARIBBEA YOUNG, | Case No: 2:20-cv-09503-DSF-JEM |
|---|---|
| Plaintiff, | **NOTICE OF LODGMENT OF [PROPOSED] PROTECTIVE ORDER REGARDING MEDICAL AND MENTAL HEALTH RECORDS** |
| v. | |
| COUNTY OF LOS ANGELES, et al. | |
| Defendants. | Judge: Hon. Dale S. Fischer<br>Room: 7(D) - First Street Courthouse |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Karibbea Young hereby lodges the attached [Proposed] Protective Order Regarding Medical and Mental Health Records.

Respectfully submitted,

Dated: 6/3/2021    S<span>AMUEL</span> H. P<span>ARK</span>, A<span>TTORNEY AT</span> L<span>AW</span>

By:   /s/ Samuel H. Park_____
Samuel H. Park,
Attorney for Plaintiff, Karibbea Young

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| KARIBBEA YOUNG, | Case No. 2:20-cv-09503-DSF-JEM |
|---|---|
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING MEDICAL AND MENTAL HEALTH RECORDS |
| v. | |
| COUNTY OF LOS ANGELES, et al. | |
| Defendants. | |

A. <u>PURPOSES AND LIMITATIONS</u>

   This Protective Order is made to facilitate the exchange of information and documents throughout the course of this litigation, which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy and other constitutionals rights. These include medical and mental health records of Plaintiff Karibbea Young and her minor son, H.G., which are subject to constitutional and legal rights to privacy, and/or the physician-patient privilege.

   The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use applies to Plaintiff's and H.G.'s medical and mental health records.

The purpose of this Protective Order ("Order") is to protect the confidentiality of such materials. The parties have agreed to be bound by the terms of this Order in this action.

B. <u>GOOD CAUSE STATEMENT</u>

This case relates to the alleged violations of Plaintiff's civil rights when County of Los Angeles Department of Children and Family Services ("DCFS") seized her son, H.G, from her care without a warrant, ordered a forensic medical examination of H.G., and when DCFS allegedly fabricated evidence and/or excluded exculpatory information in its reports to the juvenile court.

The First Amended Complaint ("FAC") alleges that on May 5, 2018, Plaintiff sought referrals for outpatient therapy from Greater El Monte Community Hospital and told hospital staff that she had struggled with depression and self-harm (cutting) in the past. Hospital staff made a report to DCFS, and DCFS social worker, Sandy Perez, interviewed Plaintiff to investigate the report.

Defendant Perez also allegedly spoke with a nurse at the hospital, who stated that Plaintiff had told another nurse that she had thoughts of suicide. After the social worker conducted her investigation, DCFS social workers, Sandy Perez and Lizette Carmona, decided to remove H.G. from Plaintiff's care without a warrant. Plaintiff denies making these statements to the hospital staff and claims that there was no basis for warrantless removal and continued detention of H.G.

To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled (or required) to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for this information is necessary and appropriate in this matter.

C. <u>SCOPE</u>

1. The protections conferred by this Stipulation and Order cover Plaintiff's and H.G.'s medical and mental health records obtained and/or produced in this Action. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Action" means the above-entitled proceeding, case no. 2:20-cv-09503-DSF-JEM, until "Final Disposition." Final disposition means the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing's, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

    b. "Court" means the Hon. Dale S. Fischer, the Hon. John E. McDermott, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Purpose and Limitations and Good Cause Statement.

    d. "Documents" means (i) any "Writing," "Recording," "Photograph," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence, Rule 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

3. Access to and/or disclosure of Documents reflecting Plaintiff's and H.G.'s medical or mental health records shall be permitted only to the following persons:

    a. the Court;

    b. attorneys of record in the Action and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys and/or firm who are actively involved in the Action;

    c. court reporters and interpreters in this Action (whether at depositions, hearings, mediation, settlement conference, or at trial);

    d. witnesses in the Action who previously has had access to Documents reflecting Plaintiff's and H.G.'s medical or mental health records, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has and/or had access to the Documents;

    e. witnesses in the Action who previously did not have access to Documents reflecting Plaintiff's and H.G.'s medical or mental health records; provided, however, that each such witness given access to the records shall be advised that such Documents are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms;

    f. experts, consultants, and investigators consulted by the Parties or their counsel in connection with the Action, whether or not retained, or whether retained to testify at any oral hearing, trial, or deposition; provided, however, that prior to the disclosure of Documents reflecting Plaintiff's and H.G.'s medical or mental health records to any such person,

counsel for the Party making the disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert, consultants, or investigator, to promptly notify counsel for Plaintiff of such breach or threatened breach;

g. copy companies in preparation for any deposition, hearing, mediation, settlement conference, or trial relating to the Action;

h. mediators relating to the Action; and

i. jurors relating to the Action.

4. Documents reflecting Plaintiff's and H.G.'s medical or mental health records shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Action, and not for any business or other purpose whatsoever.

5. Documents reflecting Plaintiff and H.G.'s medical or mental health records shall not be used for any purpose other than in the litigation.

6. Documents reflecting Plaintiff and H.G.'s medical or mental health records shall be returned or destroyed upon Final Disposition of the Action.

7. Any Party to the Action has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

8. Any Document reflecting Plaintiff's and H.G.'s medical or mental health record that may be produced by a non-Party witness in discovery in the Action pursuant to subpoena or otherwise is subject to this Protective Order.

9. Any Party to the Action (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Action, to modify or grant relief from any provision of this Protective Order.

    a. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not operate as an admission by any person that any Document reflecting Plaintiff's and H.G.'s medical or mental health record subject to this Protective Order contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

        i. to seek a determination by the Court of whether any particular Document should be subject to protection as "Confidential" under the terms of this Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to the Action from any provision(s) of this Protective Order, either generally or as to any particular Document.

10. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Documents reflecting Plaintiff's and H.G.'s medical or mental health records require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

11. Nothing in this Protective Order shall affect the admissibility into evidence of Documents reflecting Plaintiff's and H.G.'s medical and mental health records, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of the Document.

12. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14. This Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except that a Party may seek the written permission of Plaintiff and/or H.G. or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Action is terminated.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

15. After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Documents reflecting Plaintiff's or her son, H.G.'s medical and mental health records that have been produced before the Court signs this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: 6/3/21        COLLINS COLLINS MUIR + STEWART LLP

By: _/s/_____
     TOMAS A. GUTERRES
     KRISTIN T. BUSCH
     Attorneys for Defendants,
     COUNTY OF LOS ANGELES, SANDY
     PEREZ, LIZETTE CARMONA
     (erroneously sued as SCSW
     CARMONA) WILLIAM CUEVA,
     LILIANNA GARCIA, LUCKY
     NGUYEN, and HECTOR ALVAREZ

DATED: 6/3/21        SAMUEL H. PARK

By: _/s/_____
     SAMUEL H. PARK
     Attorney for Plaintiff,
     KARIBBEA YOUNG

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 6/16/21        *John E. McDermott*
                     _____
                     The Honorable John E. McDermott
                     UNITED STATES MAGISTRATE JUDGE

- 8 -
PROTECTIVE ORDER REGARDING PLAINTIFF'S MEDICAL AND MENTAL HEALTH RECORDS

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Documents reflecting Plaintiff Karibbea Young and/or her son, H.G.'s medical or mental health records in connection with the case, *Young v. County of Los Angeles*, case no. 2:20-cv-09503-DSF-JEM. I certify that I understand that the Documents are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Documents reflecting Plaintiff's and/or H.G.'s medical and mental health records, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Action, any Documents obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Action.

I further understand that I am to retain all copies of all Documents reflecting Plaintiff's and/or H.G.'s medical and mental health records provided to me in the Action in a secure manner, and that all copies of such Documents are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such Documents will be returned to counsel or Party who provided me with such Documents.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this _____ day of _____ \_, 20\_\_\_\_,

Dated: _____   By: _____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number